# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| **Marcos Baca and Jerome Harris,** | ) | |
| **individually and on behalf of others** | ) | |
| **similarly situated,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | **Civil Action No.** |
| | ) | **2:13-cv-00301-MEF** |
| **v.** | ) | |
| | ) | |
| **Chowel Weldparts, Inc., Dongwon** | ) | |
| **Autopart Technology, Alabama, LLC,** | ) | |
| **Ambassador Personnel of Alabama, Inc.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## DEFENDANTS CHOWEL WELDPARTS, INC.'s AND DONGWON AUTOPART TECHNOLOGY, ALABAMA LLC'S MOTION TO DISMISS CLASS ACTION ALLEGATIONS FOR FAILURE TO MEET THE REQUIREMENTS OF RULE 23 AND MEMORANDUM OF LAW IN SUPPORT

Defendants Chowel Weldparts, Inc. ("Chowel") and Dongwon Autopart Technology, Alabama, LLC, ("Dongwon"), pursuant to Federal Rule of Civil Procedure 12(b)(6), file their Motion to Dismiss and Memorandum in support thereof, and state as follows:

## I.    INTRODUCTION

The named Plaintiffs are former employees of Chowel and Dongwon who seek to represent "many" thousands of putative class members who challenge

thousands, *potentially hundreds of <u>thousands</u>*, of different employment decisions (*e.g.*, every daily allocation of work hours and overtime, every lay-off decision, every wage rate decision and every raise decision for thousands of employees over five years) made by Chowel **<u>and</u>** Dongwon -- which are separate entities, operating different businesses, in different locations, with different management, supervisors, and hiring processes and complete autonomy to make employment decisions.  No such class is proper, let alone possible.

## II.     BACKGROUND AND FACTS

Plaintiffs' Complaint alleges that Defendants engaged in a criminal scheme (Compl., ¶¶ 2, 4) to use illegal workers, used illegal workers (¶¶ 2, 4) , and this use depressed the putative class' wages and caused missed raises, lost overtime and work opportunities, and lay-offs (¶¶ 21-24). Specifically, they assert a claim for unjust enrichment (¶¶ 76-79) and a claim under the federal Racketeering Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961(c) (RICO), alleging predicate acts under 8 U.S.C. § 1324(a)(3)(A), 8 U.S.C. § 1324(a)(1)(A)(iii), 8 U.S.C. § 1324(a)(1)(A)(iv), (generally, bringing in and harboring illegal workers) and 18 U.S.C. § 1546(a) and (b) (generally, fraud and misuse of visas and other documents) (¶¶ 41 - 68).

A.     **The Parties**

Plaintiff Marcos Baca is a former hourly employee at Chowel's manufacturing plant in Montgomery, Alabama who made approximately $8.00 an hour. (¶ 6). Plaintiff Jerome Harris is a former hourly employee at Dongwon's manufacturing plant in Montgomery, Alabama who made approximately $9.73 an hour. (¶ 8). The Complaint asserts both Baca and Harris "routinely" worked less than 40 hours a week, and rarely worked overtime, "because" their job duties were performed by illegal workers. (¶¶ 6, 8). No other facts are provided about the Plaintiffs, such as their work dates, their departments, their titles, the circumstances surrounding the end of their employment, their hours, any facts about the illegal workers who allegedly performed Plaintiffs' job duties, such as their names, work dates, departments, or job titles, or any facts about other workers who were employed at the same and in the same department as plaintiffs.

Defendant Chowel and Dongwon supply parts for vehicles manufactured by Hyundai.[1] Chowel manufactures impact beams (¶ 9) and Dongwon manufactures doorframes, cowl cross bars, and other parts (¶ 10). Defendant Ambassador is a staffing agency that provides workers to the Plant Operators.[2] (¶ 11).

---

[1] Contrary to the Complaint's assertions, Chowel's plant and Dongwon's plant are relatively small, employing roughly a combined total of several hundred employees.

[2] Contrary to the Complaint's assertions, the evidence in this case will show that Ambassador does not supply workers to Chowel.

### B.    The Proposed Class

Plaintiffs Seek to Certify the Following Class:

26.    Plaintiffs bring this action on behalf of all persons legally authorized for employment in the United States who are or have been employed by the Plant Operator Defendants in hourly wage positions in Alabama at any time from May 3, 2007 October/November __. 2007 [sic] to the present (the "Class").

(¶ 26).

Plaintiffs allege that the proposed class consists of "many" thousands of members. (¶ 27).

### C.    Unlawful Practices

Plaintiffs so-called "Facts" section contains ten conclusory paragraphs. (¶¶ 15-25).  In the "Facts" section, Plaintiffs allege that the Plant Operator Defendants employ thousands of hourly-paid workers (¶ 15), and, with the assistance of Ambassador, they knowingly hired illegal workers (¶¶ 16-17) and "are aware that numerous employees have used or are using identities different from those they had previously used." (¶ 18).  And, because of this scheme, American workers are assigned less hours (¶ 23), do not receive raises (¶ 21), are "regularly" the first employees to be laid off (¶ 21), are deprived of their individual and/or collective bargaining power (¶ 24), and their wages have been depressed (¶ 22).

# III.   ARGUMENT

Plaintiffs' Complaint must show their class claims are plausible under Rule 23.  Class claims that fail to meet the requirements of Rule 23 may be properly dismissed by granting a Rule 12(b)(6) motion.[3]

## A.   The Rule 12(b)(6) Standard

Under *Iqbal*[4] and *Twombly*,[5] a civil RICO plaintiff must comply with Rule 8, and the complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.[6]  Pre-*Iqbal/Twombly* cases considering the plausibility of a complaint have "little precedential value."[7]

If a complaint fails to comply with Rule 8, a 12(b)(6) motion to dismiss is proper:

> [t]o survive a [12(b)(6)] motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the

---

[3] *See, e.g., McCrary v. Stifel, Nicolaus & Co.,* 687 F.3d 1052, 1059 (8th Cir. 2012)("class claims that fail to meet the requirements of Rule 23 may be properly dismissed by granting a Rule 12(b)(6) motion."); *Roberts v. Target Corp.,* No. CIV-11-951-HE, 2012 U.S. Dist. LEXIS 85221, at *2-3, 7-8 (W.D. Okla. June 20, 2012); *Jackson v. Motel 6 Multipurpose, Inc.,* 130 F.3d 999, 1006 (11th Cir. 1997); *Schilling v. Kenton Cnty.,* No. 10-143-DLB, 2011 U.S. Dist. LEXIS 8050, at *2, 11 (E.D. Ky. Jan. 27, 2011).

[4] *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

[5] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

[6] FED.R.CIV.P. 8(a)(2); *Gachett v. Retail Wholesale Dep't Store Union,* No. 2:11-CV-398(MEF), 2013 U.S. Dist. LEXIS 45342, at *4-6 (M.D. Ala. Mar. 29, 2013).

[7] *Simpson v. Sanderson Farms, Inc.*, No. 7:12-CV-28(HL), 2012 U.S. Dist. LEXIS 130501, *48-9 (M.D. Ga. 2012); *Walters v. McMahen*, 795 F. Supp. 350, 357-58 (D. Md. 2011); *Nichols v. Mahoney*, 608 F. Supp. 2d 526, 538 (S.D.N.Y. 2009).

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"[8]

When considering a motion to dismiss, the court should disregard (1) legal conclusions (2) bald assertions devoid of further factual enhancement and (3) formulaic recitations of the elements of the claim.[9]  The court need only consider "well-pleaded, nonconclusory factual allegations…to determine if they plausibly suggest an entitlement to relief."[10]  But the court may also "infer from the factual allegations in the complaint 'obvious alternative explanation[s],' which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer."[11]  Plaintiffs' Complaint must show their class claims are plausible under Rule 23; they are not.

> ### B.   Plaintiffs' Have Not Shown Their Class Claims are Plausible Under Rule 23(a) and, Regardless, Individual Issues Predominate Over Common Issues

To state a class claim under Rule 23, a plaintiff must meet all the general class requirements of Rule 23(a) - numerosity, commonality, typicality, and

---

[8] *Gachett,* 2013 U.S. Dist. LEXIS 45342, at *5-6 (*quoting Iqbal*, 129 S. Ct. at 1949).

[9] *Id*. at *5-6 (*citing Iqbal,* 129 S. Ct. at 1949-51).

[10] *Id*.

[11] *Iqbal*, 129 S.Ct. at 1949.

adequacy - and at least one requirement of Rule 23(b).[12]   The Rule 23(a) requirements are: (1) the class is so numerous that joinder of all members is impracticable ("numerosity"); (2) there are questions of law or fact common to the class ("commonality"); (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class ("typicality"); and (4) the representative parties will fairly and adequately protect the interests of the class ("adequacy of representation").   If a plaintiff fails to meet even one of the preliminary requirements, class certification is prohibited.[13]

Here, Plaintiffs' Complaint does not show that the second, third and fourth Rule 23(a) requirements - commonality, typicality and adequate representation - can be satisfied.

<div style="margin-left:2em">

1.   <u>No facts show typicality or commonality among the named Plaintiffs and those of the class at large, and, regardless, individual issues will predominate over common ones</u>

</div>

Commonality and typicality are related, but "[t]raditionally, commonality refers to the group characteristics of the class as a whole, while typicality refers to the individual characteristics of the named plaintiff in relation to the class."[14] Nevertheless, they will be discussed together.

---

[12] *Amchem Prods., Inc. v. Windsor,* 521 U.S. 591, 613-14 (1997).

[13] *See, e.g., Valley Drug Co. v. Geneva Pharms., Inc.*, 350 F.3d 1181, 1188 (11th Cir. 2003).

[14] *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1275 (11th Cir. 2009).

Typicality occurs when a sufficient nexus exists between the named Plaintiffs and the class: "the claims or defenses of the class and the class representative arise from the same event or pattern or practice and are based on the same legal theory."[15]   Importantly, "[a] class representative must . . . suffer the same injury as the class members" in order to be typical under Rule 23(a)(3).[16] Commonality requires that Plaintiffs show "questions of law or fact common to the class."[17]   But, the Supreme Court has cautioned that the focus is not that "common

---

[15] *Ault v. Walt Disney World Co.*, 692 F.3d 1212, 1216 (11th Cir. 2012); *Prado-Steiman ex rel. Prado v. Bush*, 221 F.3d 1266, 1279 (11th Cir. 2000).

[16] *Prado-Steiman ex rel. Prado*, 221 F.3d at 1279 (*quoting Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 156 (1982)).

[17] *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551-54 (2011). As the Supreme Court stated:

> The crux of this case is commonality--the rule requiring a plaintiff to show that "there are questions of law or fact common to the class." That language is easy to misread, since "[a]ny competently crafted class complaint literally raises common 'questions.'" For example: Do all of us plaintiffs indeed work for Wal-Mart? Do our managers have discretion over pay? Is that an unlawful employment practice? What remedies should we get? Reciting these questions is not sufficient to obtain class certification. Commonality requires the plaintiff to demonstrate that the class members "have suffered the same injury." ... Their claims must depend upon a common contention--for example, the assertion of discriminatory bias on the part of the same supervisor. That common contention, moreover, must be of such a nature that it is capable of classwide resolution--which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke.   "What matters to class certification ... is not the raising of common 'questions'--even in droves--but, rather the capacity of a classwide proceeding to generate common answers apt to drive the resolution of the litigation. Dissimilarities within the proposed class are what have the potential to impede the generation of common answers."

questions"[18] are raised, "even in droves", but that "common answers" are generated through classwide proceedings.[19]   In the context of illegal hiring schemes, "common answers" can arise when there is "[s]ignificant proof that an employer operated under a general policy of discrimination."[20]   Importantly, it <u>must</u> be demonstrated that the class members have suffered the <u>same injury</u>.[21]

Here, no facts alleged in the complaint show commonality or typicality and individualized determinations of fact will predominate.  The Complaint lacks <u>any factual detail</u> that would allow the Court to determine commonality or typicality: such as the named Plaintiffs' work dates, their departments, their titles, the circumstances surrounding the end of their employment, their hours, or their interest in collective bargaining, or any information about Chowel, Dongwon and Ambassador.  Without such facts[22], there cannot be a finding of typicality or commonality.

---

[18] Plaintiffs proffered "common questions" - generally, whether Defendants engaged in unlawful employment practices and whether Plaintiffs were injured? - are insufficient under the standards set out in *Wal-Mart v. Dukes* to show "commonality." *Id.*

[19] *Id.*

[20] *Id.* (*citing Falcon*, 457 U.S. at 157-58).

[21] *Dukes*, 131 S. Ct. at 2550-51 (*quoting Falcon*, 457 U.S. at 157).

[22] Specific facts are required to determine, for example, whether "common answers" and the "same claims or defenses" exist for the putative class' allegations that that Defendants' illegal hiring scheme proximately caused them to receive less hours (¶ 23), to not receive raises (¶ 21), to "regularly" be the first employees to be laid off (*id.*), and to be deprived of their individual and/or collective bargaining power. (¶ 24).

Regardless of whether non-conclusory facts were provided (they weren't), the class claims are not typical or common; each challenged employment action will require <u>individualized factual determinations</u>. The Court will have to make individualized determinations about Chowel/Dongwon's, Chowel/Ambassador's and Dongwon/Ambassador's relationship to determine if there are "common answers" and claims.[23] The Court will also have to analyze thousands, *potentially hundreds of thousands*, of different employment decisions by Chowel **and** Dongwon -- each decision to allocate work hours, overtime, lay-offs, and wages to be paid[24] -- to determine each putative class members injuries and the proximate

---

[23] Dongwon's, Chowel's and Ambassador's relationship(s) with the other will require a separate analysis and individualized determinations of fact -- *e.g.*, Chowel and Dongwon's relationship, including their alleged shared hiring schemes and practices, agreements, contracts, etc., and the applicable time period such relationships were in place, or Chowel and Ambassador's (and Dongwon and Ambassador's) relationship including contracts, agreements, services provided, hiring practices, etc.  An individual analysis is necessary to determine if there are common issues of fact and law.   Such an individualized inquiry precludes finding commonality.  *See, e.g., Likes v. DHL Express,* 288 F.R.D. 524, 535-36 (N.D. Ala. 2012).

[24] Each employment decision requires a separate adjudication -- *e.g.*,  For any given week, did the company give overtime to illegal workers instead of the specific Plaintiff and why? Did the company decide not give a raise to that specific Plaintiff because of the presence of illegal workers or were other factors involved? Did the company decide to lay-off the specific class member because of the presence of illegal workers or were other factors involved? Did the company even employ an illegal worker in the department where and during the time period when the specific Plaintiff worked?  And Defendants may proffer a separate defense for *each* employment action  -- *e.g.*, Plaintiff was not given overtime because he was sick that week, Plaintiff was laid off because of his performance, *etc.*  The potential for *thousands* of individualized factual determinations clearly precludes a finding of typicality.

cause of those injuries.[25]   *Typicality and commonality are clearly not met in this case.*

#### 2.   Former employees cannot adequately represent the class

In order to satisfy the "adequacy of representation" requirement, Plaintiffs must show that their interests are not antagonistic to or in conflict with other members of the class.[26]   "A class representative must be part of the class and possess the same interest and suffer the same injury as the class members."[27] Here, no facts show named Plaintiffs are adequate representatives of the putative class.   And, regardless, their injuries differ from the putative class members, and, as former employees, their interests conflict with the class.

First, no facts, besides that Plaintiffs Baca and Harris used to work for Chowel and Dongwon, respectively, and their hourly wage rate, are provided.[28]

---

[25] *Cooper v. Southern Co.,* 390 F.3d 695, 714-16 (11th Cir. 2004); s*ee also DWFII Corp. v. State Farm Mut. Auto. Ins. Co.,* 469 Fed. Appx. 762, 764-65 (11th Cir. 2012)(no typicality where each individual medical service provider was still had to "demonstrate that it is entitled to reimbursement for the disputed charges…Because each claim would require the establishment of different facts and would be subject to different defenses, we conclude that the district court did not abuse its discretion in finding that this prerequisite was not met and class certification was therefore improper.").

[26] *Griffin v. Carlin*, 755 F.2d 1516, 1533 (11th Cir. 1985).

[27] *Wright v. Circuit City Stores, Inc.*, 201 F.R.D. 526, 545 (N.D. Ala. 2001).

[28] The Complaint lacks <u>any factual detail</u> about their employment, including their work dates,  departments, titles, circumstances surrounding the end of their employment, missed raises, interest in returning to work, and interest in collective bargaining.

Without any facts, there is no basis for finding the named Plaintiffs would adequately represent the class.

Even if non-conclusory facts were provided (they weren't), the named Plaintiffs' injuries differ from the putative class members' injuries (Plaintiffs' do not expressly allege that they missed raises, were laid off, or that they had any interest in collective bargaining opportunities)[29] and their interests will be in conflict with the class (as former employees they have no interest in injunctive relief).[30] These conflicting interests and different injuries preclude a finding of adequate representation.

### C.   Plaintiffs Have Not Shown the Requirements of Rule 23(b)(2) or (b)(3) Have Been Met

Once a plaintiff has satisfied each of the four pre-requisites of Rule 23(a), in order to certify a class action, the plaintiff must show that the components of Rule

---

[29] Named Plaintiffs seek to represent current and former hourly employees of Defendants and allege that Defendants' illegal hiring scheme proximately caused depressed wages (¶ 22) and American workers to be assigned less hours (¶ 23), to not receive raises (¶ 21), to "regularly" be the first employees to be laid off (*id.*), and to be deprived of their individual and/or collective bargaining power. (¶ 24). In contrast, named Plaintiffs merely allege they "routinely" worked less than 40 hours a week, and rarely worked overtime. (¶¶ 6, 8). They do not even allege that they missed raises, were laid off, or that they had any interest in collective bargaining opportunities.

[30] S*ee, e.g., Slader v. Pearle Vision. Inc.*, No. 00 Civ. 2797 (JSR), 2000 U.S. Dist. LEXIS 16453, at *2 (S.D.N.Y. Nov. 13, 2000)(stating that "the interests of . . . two former employees are, if anything, quite likely in conflict with the interests of current employees, for a former employee's primary interest necessarily centers on recovering back pay, while a current employee may well be far more interested in obtaining injunctive relief."); *Harris v. Initial Sec., Inc.*, No. 05 Civ. 3873 (GBD), 2007 U.S. Dist. LEXIS 18397, at *21 (S.D.N.Y. Mar. 7, 2007); *Wright v. Circuit City Stores, Inc.*, 201 F.R.D. 526, 541-42 (N.D. Ala. 2001).

23(b)(2) or (b)(3) have been satisfied.[31]  While Plaintiffs have not show the class

certification pre-requisites, even if they had, they have failed to satisfy either Rule

23(b)(2) or (3).

> 1. <u>Certification is not proper under Rule 23(b)(2) because damages predominate, injunctive relief is not available and the majority of the class does not have future harm</u>

Certification of a class under Rule 23(b)(2), is appropriate where broad,

class-wide injunctive or declaratory relief is necessary to redress group-wide

injury. Indeed, "[t]he key to the [Rule 23](b)(2) class is 'the indivisible nature of

the injunctive or declaratory remedy warranted—the notion that the conduct is

such that it can be enjoined or declared unlawful only as to all of the class

members or as to none of them.'"[32]

### a.   Damages Predominate and Are Not "Incidental"

In *Dukes*, the Supreme Court held that "claims for monetary relief may [not]

be certified under" Rule 23(b)(2) where "monetary relief is not incidental to the

injunctive or declaratory relief."[33]  Monetary damages are "incidental" when "class

members automatically would be entitled [to them] once liability to the class . . . as

a whole is established[,]" and awarding them "should not entail complex

---

[31] *See Valley Drug Co. v. Geneva Pharms., Inc.*, 350 F.3d at 1188. Plaintiffs have not moved to certify the class under Rule 23(b)(1).

[32] *Dukes*, 131 S. Ct. at 2557.

[33] *Id.*; *Vega,* 564 F.3d at 1265 n.8.

individualized determinations."[34] Further, Rule 23(b)(2) "does not authorize class certification when each class member would be entitled to an individualized award of monetary damages."[35]

Here, Plaintiffs' seek RICO treble damages, which are considered compensatory in nature,[36] and when "compensatory damages are sought, certification under Rule 23(b)(2) is difficult if not impossible."[37]  And the damages are not incidental because each Plaintiffs' injury requires determinations of individualized relief.[38]  As such, Rule 23(b)(2) class certification is not proper.

### b.    No Injunctive Relief is Available for Civil RICO Violations

No injunctive relief is available for Civil RICO violations and a Rule 23(b)(2) class seeking injunctive relief is inappropriate. RICO contains a private

---

[34] *DWFII Corp.,* 469 Fed. App'x. at 765.

[35] *Dukes*, 131 S. Ct. at 2557.

[36] *See, e.g., Alea London Ltd. v. Am. Home Servs.,* 638 F.3d 768, 777 (11th Cir. 2011) (*citing Agency Holding Corp. v. Malley-Duff & Assocs., Inc.,* 483 U.S. 143, 151 (1987)("Both RICO and the Clayton Act are designed to remedy economic injury by providing for the recovery of treble damages, costs, and attorney's fees.")); *PacifiCare Health Sys. v. Book*, 538 U.S. 401, 406 (U.S. 2003).

[37] *July v. Bd. of Sch. Comm'rs,* No. 11-0539-WS-B, 2013 U.S. Dist. LEXIS 74500, at *9-12 (S.D. Ala. May 28, 2013)(the Eleventh Circuit has "recognized that, when compensatory damages are sought, certification under Rule 23(b)(2) is difficult if not impossible.").

[38] *Dukes*, 131 S. Ct. at 2557("[W]e think that, at a minimum, claims for *individualized* relief (like the backpay at issue here) do not satisfy the Rule [23(b)(2)] requirements."); *DWFII Corp.*, 469 Fed. App'x. at 765; *Davis v. Cintas Corp.*, No. 10-1662, 2013 U.S. App. LEXIS 10856, at *11-12, 19 (6th Cir. 2013).

right of action for monetary damages, <u>not injunctive relief</u>.[39]   Further, RICO is a

criminal statute and must be construed strictly.[40]   And, under any construction, let

alone a strict construction, the statutory language does not provide for injunctive

relief, and none should be imputed to the statute.

*Religious Technology Center  v. Wollersheim*[41] is directly on point.  There,

the Ninth Circuit held § 1964(c)'s monetary remedy to be exclusive.  The court

found no injunctive relief was available under § 1964(c) because, simply stated,

the statute did not provide for it.[42]

The court in *Religious Technology* also found that its ruling was consistent

with § 1964(c)'s legislative history.  At the time RICO was enacted, and again one

year later, "Congress refused to enact a bill to…give private plaintiffs injunctive

relief."[43]  The court contrasted the refusal by Congress to provide private injunctive

relief under § 1964(c) with Congress' express grant to the Attorney General of the

---

[39] "Any person injured in his business or property by reason of a violation of section 1962 of this chapter may sue therefore in any appropriate United States district court and shall recover threefold the damages he sustains and the cost of the suit, including a reasonable attorney's fee."

18 U.S.C. § 1964(c).

[40] *United States v. Svete*, 556 F.3d 1157, 1169 (11th Cir. 2009)(it is a traditional canon of statutory interpretation that criminal statutes are interpreted strictly).

[41] 796 F.2d 1076 (9th Cir. 1986).

[42] *Id*. at 1088-89.

[43] *Id*. at 1085-86.

right to seek injunctive relief under § 1964(b).[44]  Moreover, the court explained, § 1964(c) was consciously patterned after § 4 of the Clayton Act, 15 U.S.C. § 15(a) "which the Supreme Court [] explicitly held…precludes private injunctive relief."[45]

Since *Religious Technology*, a number of Circuit and District courts have found the same.[46]  As such, § 1964(c) does not provide for injunctive relief, none is available, and Plaintiffs' Rule 23(b)(2) certification must fail.

### c.  The Named Plaintiffs do not Face Future Harm

Rule 23(b)(2) certification is also inappropriate because the named Plaintiffs do not face future harm.  Here, the two named Plaintiffs are *former* employees of the Plant Operators and they have not shown, let alone alleged, an immediate threat of injury and, thus, 23(b)(2) certification is improper.[47]

---

[44] *Id*. at 1083-86.

[45] *Id*. at 1087; *see also Klehr v. A.O. Smith Corp.*, 521 U.S. 179, 189 (1997)(civil Rico was "consciously patterned" after section 4 of the Clayton Act, 15 U.S.C. § 15(a)).

[46] *See, e.g., In re Fredeman Litig.*, 843 F.2d 821, 828-30 (5th Cir. 1988)(suggesting no injunctive relief in civil RICO action); *Trane Co. v. O'Connor Sec.*, 718 F.2d 26, 28-9 (2d Cir. 1983)(same); *Johnson v. Collins Entm't*, 199 F.3d 710, 726 (4th Cir. 1999)(same); *Minter v. Wells Fargo Bank, N.A.*, 593 F. Supp. 2d 788, 796 (D. Md. 2009).

[47] *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 988 (9th Cir. 2011) (*citing Wal-Mart*, 131 S. Ct. at 2559-60); *Drayton v. Western Auto Supply Co.*, No. 01-10415, 2002 U.S. App. LEXIS 28211, at *19-20 (11th Cir. Mar. 11, 2002); *Jackson v. Motel 6 Multipurpose, Inc.*, 130 F.3d 999, 1007 (11th Cir. 1997)(holding former employees of motel chain did not have standing to seek injunctive relief because they did not allege they would be discriminated against in the future).

2.   <u>Certification under Rule 23(b)(3) is improper because
individual questions predominate over common questions</u>

It is well settled that a class action may be certified under subsection Rule
23(b)(3) only if "the court finds that the questions of law or fact common to class
members <u>predominate</u> over any questions affecting only individual members, and
that a class action is superior to other available methods for fairly and efficiently
adjudicating the controversy."[48]  Rule 23(b)(3)'s predominance requirement is even
more demanding than Rule 23(a).[49]  Rule 23(b)(3) acts as "procedural safeguard"
and requires the court to focus its inquiry on whether common questions *truly*
predominate over individual ones.[50]  In order to determine whether common
questions predominate over individual questions, the court must consider "the
claims, defenses, relevant facts, and applicable substantive law."[51]  The Supreme
Court has recently emphasized a district court generally may not certify a class
action under Rule 23(b)(3) without first determining that damages may properly be
awarded on a classwide basis.[52]

---

[48] FED. R. CIV. P. 23(b)(3) (emphasis added).

[49] *Comcast Corp. v. Behrend*, 133 S. Ct. 1426, 1432 (U.S. 2013).

[50] *Id*.

[51] *DWFII Corp.*, 469 Fed. App'x. at 765-66 (citation omitted).

[52] *Comcast Corp.*, 133 S. Ct. at 1432-33(a district court may not certify a class action
without finding the damages the putative class suffered is the result of the alleged wrong).

Here, as discussed above in Section III.B, questions of law or fact common to class members will not predominate because liability and damages will require individualized determinations.

### D. Plaintiffs' Have Not Shown Their Class Claim For Unjust Enrichment is Plausible Under Rule 23 and, Regardless, Individual Issues Predominate Over Common Issues

Plaintiffs' do not specifically address the propriety of class certification for their unjust enrichment claim in their "Class Action Allegations" section. (Complaint, ¶¶ 26-40).   But even if they did, no facts warrant certification and, regardless, class certification is not proper for unjust enrichment claims because individualized determinations necessarily predominate.

First, as discussed above, Plaintiffs' barebone, conclusory allegations fail to provide any facts showing their class claim is plausible under Rule 23.  In fact, Plaintiffs' do not even plead that class certification is proper for their unjust enrichment claim.

Second, certification is not proper because Plaintiffs' claim lacks commonality and predominance. Unjust enrichment claims require the court to examine "the particular circumstances of an individual case and assure itself that, without a remedy, inequity would result or persist."[53] *Vega v. T-Mobile USA, Inc.*[54]

---

[53] *Id.*

[54] 564 F.3d 1256, 1274 (11th Cir. 2009).

and *Avis Rent A Car Sys. v. Heilman*[55] are on point, and both held, unjust-enrichment claims are fact specific and generally unsuitable for class-action treatment.[56] Certification is not proper.

## CONCLUSION

The named Plaintiffs cannot represent "many" thousands of putative class members who challenge thousands, *potentially hundreds of <u>thousands</u>*, of different employment decisions made by two separate employers.  Plaintiffs have pled no facts showing typicality or commonality under Rule 23(a), and, regardless, individual issues will predominate over common ones.  Moreover, as former employees, the named Plaintiffs cannot adequately represent the class under Rule 23(a).

Even if Plaintiffs have shown the class certification pre-requisites under Rule 23(a) (they haven't), class certification is not proper under Rule 23(b)(2) because damages predominate, injunctive relief is not available and the named Plaintiffs do not face future harm.  Also, certification is not proper under Rule 23(b)(3) because individual questions predominate over common questions.

---

[55] 876 So. 2d 1111, 1123 (Ala. 2003).

[56] *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1274 (11th Cir. 2009); *see also Avis Rent A Car Sys. Inc. v. Heilman,* 876 So. 2d 1111, 1123 (Ala. 2003)("Because unjust-enrichment claims are fact specific to each case, this Court has repeatedly held that such claims are unsuitable for class-action treatment.").

Lastly, unjust enrichment claims are, by their very nature, fact specific and unsuitable for class certification.

As such, and for the reasons set forth above, the Court should dismiss Plaintiffs' class action allegations in their entirety.

<div style="text-align: right;">

*s/Mark M. Lawson*_____
Marcel L. Debruge (DEB006)
Email: mdebruge@burr.com
Frank McRight (MCR002)
Email: fmcright@burr.com
Mark M. Lawson (LAW013)
Email: mlawson@burr.com
Matthew T. Scully (SCU005)
Email: mscully@burr.com
Ingu Hwang (HWA001)
Email: ihwang@burr.com
*Attorneys for Defendants*
*Chowel Weldparts, Inc. and Dongwon*
*Autopart Technology, Alabama, LLC*

</div>

**OF COUNSEL:**
BURR & FORMAN LLP
420 North 20th Street, Suite 3400
Birmingham, Alabama  35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have served a copy of the foregoing document by Notice of Electronic Filing on:

Glen M. Connor
Quinn, Connor, Weaver, Davies &
Rouco LLP
Suite 380E, 2700 Highway 280
Birmingham, AL 35223

Peter J. Mougey
James L. Kauffman
Levin Papantonio Thomas Mitchell
Rafferty & Proctor, P.S.
316 South Baylen Street, Suite 600
Pensacola, FL 32502-5996

Jeremiah Frei-Pearson
Todd S. Graber
Meiselman, Packman, Nealon,
Scialabba & Baker, P.C.
1311 Mamaroneck Avenue
White Plains, NY 10605

Patrick L. Hays, Jr.
The Hays Law Firm, LLC
415 E. Commerce Street, Ste 201
Greenville, AL 36037

Charles A. Stewart III
Bradley Arant Boult Cummings LLP
The Alabama Center for Commerce
401 Adams Avenue, Suite 780
Montgomery, AL 36104

C. Jason Wilcox
Moore, Clarke, DuVall & Rodgers, P.C.
2829 Old Dawson Road (31707)
P. O. Drawer 71727
Albany, GA 31708-1727

This 5th day of July, 2013.

*s/Mark M. Lawson*
Mark M. Lawson

21